LOTTINGER, Judge.
This is a suit against seven defendants wherein the petitioner seeks to be adjudged the owner of certain property situated in the Parish of St. Tammany, Louisiana, and seeks damages against the Sheriff, Assessor and Clerk of Court of the Parish of St. Tammany. The Lower Court granted judgment in favor of petitioner recognizing him as the owner of the property, however, the suit, as to damages, was dismissed. The petitioner has appealed.
The record shows that petitioner acquired Lots Nos. 67, 68, 69, 70, 71 and 72 of Square 272A in the town of Mandeville, Parish of St. Tammany, State of Louisiana. The said property was acquired by petitioner from Amelia Reber, the wife of Charles Henley. On June 29, 1929 Lots Nos. 70 and 72 were sold to the State of Louisiana for taxes under the name of A. R. Hentry. On the same date, Lots Nos. 67 and 69 were sold to the State for taxes under the name of Emelia Hentry. .The petitioner alleges that at the time of the said tax sales the property was assessed in fictitious names, and was included as party defendants said fictitious parties, as well as prior owners of the property, together with the Sheriff, Assessor and Clerk of Court of the Parish of St. Tammany.
On February 22, 1957, Lots 67 and 69 were redeemed by petitioner, however, said redemption was in the name of Amelia Reber. On the said date of February 14, 1957, Lots 70 and 72 were redeemed by petitioner, but were redeemed in the name of A. R. Hentry. Petitioner claims that at the time of the tax sales the property should have been assessed in his name, and complains that the acts of redemption were not in his name. Petitioner also seeks damages against the Sheriff, Assessor and Clerk of Court in the amount of $160.37, claiming such amount as damages for which he suffered as a result of the tax sales. An attorney ad hoc was appointed to represent the fictitious and absent parties. The Lower Court awarded judgment recognizing the petitioner as the owner of said lots and gave judgment in favor of the defendants in regard to the claim for damages. The record shows that the property did actually belong to the petitioner or his author in title at the time of the tax sales. Although the tax sales were in the names of fictitious parties, and, therefore the redemption of said property was also in the name of said fictitious parties, we believe that the record establishes the rightful owner of said lots to be petitioner. The Lower Court certainly found this to be true because it adjudged petitioner to be the owner of said! lots, and we find no error in said holding by the Lower Court.
*256 The petitioner, moreover, claims that the tax sales were absolutely null and void because of the fact that the property was assessed to fictitious parties at the time of said sales. Article 10, Section 11 of the Louisiana Constitution LSA provides as follows:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. The fact that taxes were paid on a part of the property sold, prior to the sale thereof, or that part thereof was not subject to taxation, shall not be cause for annulling the sale as to any part thereof on which the taxes for which it was sold were due and unpaid, provided that the provisions hereof shall not affect any pending suit, nor any suit which may be brought within a period of twelve months from the date of the adoption of this Constitution in which any tax sale is sought to be annulled for any of said causes.”
Under the provisions of the Constitution, any proceeding to annul the said tax sales has prescribed, and the petitioner does not claim the benefit of the exception to the Constitutional prescription which is proof of prior payment of taxes. Therefore, his claim that the tax sales were null and void was absolutely without merit.
As the tax sales were valid, the petitioner certainly has no claim against the Sheriff, Assessor and Clerk of Court for damages resulting from the tax sales. Furthermore, these officials have filed in this court an exception or plea of prescription of one, five and ten years. We believe that any right of action which he might have had of damages has long prescribed because these tax sales took place some 28 years ago. The record further shows these office holders to have changed during the said period, and we do not believe that the present office holders could be held liable for the acts of their predecessors.
We feel that the record establishes that the petitioner is the lawful owner and possessor of said property. We further feel that the right of action to annul the tax sales has prescribed under the provisions of Article 10, Section 11 of the Louisiana Constitution, and that the petitioner has no right of action for damages resulting from the tax sales of the property.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this suit to be paid by the petitioner.
Judgment affirmed.